UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYLEN S. LEE,

    Plaintiff,

v.                                                                  Case No. 24-10258

ROAD RUNNER AUTO SALES, INC.,          Sean F. Cox
                                                                    United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER
GRANTING DEFENDANT'S
MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

Acting *pro se*, Plaintiff filed this action against Defendant. Soon thereafter, Plaintiff obtained a Clerk's Entry of Default. The matter is now before the Court on Defendant's motion seeking to set aside the Clerk's Entry of Default. The Court concludes that oral argument is not necessary. Local Rule 7.1. For the reasons that follow, the Court grants Defendant's Motion to Set Aside Clerk's Entry of Default.

**BACKGROUND**

Acting *pro se*, and proceeding *in forma pauperis*, Plaintiff Jaylen S. Lee filed this action against Defendant Road Runner Auto Sales, Inc. on January 31, 2024. Plaintiff filed an Amended Complaint on February 9, 2024.

On March 13, 2024, Plaintiff sought, and obtained, a Clerk's Entry of Default as to Defendant Road Runner Auto Sales, Inc. (*See* ECF Nos. 11 & 12).

On March 27, 2024, Defendant filed a motion asking this Court to set aside the Clerk's Entry of Default. (ECF No. 13). Plaintiff filed a response in opposition to the motion. The

motion is ripe for a decision by this Court.

## ANALYSIS

**I.  The Court Grants Defendant's Motion To Set Aside Clerk's Entry Of Default.**

The Court shall grant Defendant's Motion to Set Clerk's Entry of Default.

Rule 55 of the Federal Rules of Civil Procedures provides, in pertinent that, that"[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). When evaluating either a motion to set aside an entry of default or a default judgment, the court considers three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir.1989).

Rule 55 "leaves to the discretion of the trial judge the decision whether to set aside an entry of default. However, a strong preference for trials on the merits in federal courts had led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). In practice, Courts employ a "lenient standard" in evaluating a request to set aside a default that has not yet reached a default judgment. *Id.* Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment." *United Coin Meter Co.*, 705 F.2d at 846.

Having reviewed Defendant's motion seeking to set aside the Clerk's Entry of Default entered against it, the Court concludes that it has met that standard.

## CONCLUSION & ORDER

Accordingly, IT IS ORDERED that Defendant's Motion to set aside the Clerk's Entry Of

Default is GRANTED.

       IT IS SO ORDERED.

                                                   s/Sean F. Cox
                                                   Sean F. Cox
                                                   United States District Judge

Dated:  April 22, 2024